Citation Nr: 1610612 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 14-16 830 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Louisville, Kentucky


THE ISSUES

1. Entitlement to an increased disability rating for residuals of prostate cancer, to include whether a reduction from 100 percent disabling to 40 percent disabling was proper.

2. Entitlement to service connection for sleep apnea, to include as secondary to service-connected anxiety disorder.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Mary C. Suffoletta, Counsel 


INTRODUCTION

The Veteran served on active duty from February 1967 to February 1971.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a July 2013 decision of the RO that, in pertinent part, denied service connection for sleep apnea; and decreased the evaluation for the Veteran's service-connected residuals of prostate cancer from 100 percent (effective in May 2008) to 40 percent under Diagnostic Code 7527, effective October 2013, a period exceeding 5 years. The Veteran timely appealed. 

The Veteran previously was represented by a private attorney. In June 2014, prior to the case being certified to the Board, the private attorney withdrew as the Veteran's representative.

By letter dated in January 2016, the Board provided an opportunity to the Veteran to appointment a new representative. In February 2016, the Veteran submitted a VA Form 21-22, appointing the veterans service organization (VSO) listed on the title page.

The appeal is REMANDED to the AOJ. VA will notify the Veteran and his representative when further action is required.


REMAND

Hearing

In correspondence submitted in July 2014, the Veteran requested a hearing before a Veterans Law Judge at a local VA office on a VA Form 9. A review of the record indicates the Veteran has not been afforded a hearing before a Veterans Law Judge, and has not otherwise withdrawn his request.

Pursuant to 38 C.F.R. § 20.700 (2015), a hearing on appeal will be granted to a Veteran who requests a hearing and is willing to appear in person. See also 38 U.S.C.A. § 7107 (West 2014).

Accordingly, the case is REMANDED for the following action:

Scheduled the Veteran for a "Travel Board" hearing following the usual procedures under 38 C.F.R. § 20.704 (2015). 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. S. TOTH 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).